## TAXABILITY OF STOCK IN A FOREIGN CORPORATION.

### Circuit Court of Cuyahoga County.

THE CLEVELAND-CLIFFS IRON COMPANY v. JAMES P. MADIGAN, COUNTY TREASURER.[*]

Decided, March 20, 1911.

*Taxation—Shares in Foreign Corporation Owned by Foreign Corporation.*

1. Shares of stock in a foreign corporation owned by another foreign corporation doing business in this state are not taxable, notwithstanding the certificates evidencing such ownership are physically in the custody of officers of the latter corporation at a branch office maintained within the confines of the state.
2. Shares in a joint stock association under the laws of Michigan, for purposes of taxation under the laws of Ohio, are not to be distinguished from shares in a corporation.

*Hoyt, Dustin, Kelley, McKeehan & Andrews,* for plaintiff.
*N. E. Warwick* and *Walter D. Meals,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This proceeding in error is brought to reverse a judgment of $278,787.30 recovered at the January, 1911, term of the Cuya-

---

[*]Affirmed without opinion, *Madigan v. Cleveland-Cliffs Iron Co.,* 88 Ohio State.

hoga Common Pleas Court by the treasurer of said county against the Cleveland-Cliffs Company for arrears of taxes alleged to be due for the years 1900 and to 1905 inclusive on shares of stock then owned by said corporation in certain Michigan companies. There is no controversy about the facts.

The Cleveland-Cliffs Iron Company was organized under the laws of West Virginia as a "non-resident domestic corporation" with "its principal office, or place of business, in the city of Chicago, county of Cook, state of Illinois." By proper proceedings, in February, 1904, the articles of incorporation were so amended, "That the place of the principal office of the Cleveland-Cliffs Iron Company be and hereby is changed from the city of Chicago, county of Cook, state of Illinois, to the City of Ishpeming, county of Marquette, state of Michigan." By one of its by-laws said company's board of directors were empowered "to establish a branch office of the company in the city of Cleveland, county of Cuyahoga and state of Ohio, and at such other place or places as they may see fit, and at any such branch office when established all meetings of said board whether special or regular, and of the executive committee and of the stockholders can be held." In July, 1891, a Cleveland office was accordingly established at Nos. 4 and 5 Mercantile Bank Building, Cleveland, Ohio, and that office became and was in fact during all the period in controversy, the main office of the company, where its principal office business was transacted, and its corporate meetings were held, its records kept, and where the certificates of stock owned by it in other non-resident companies were kept in the custody of its proper officers. The principal offices named in the articles of incorporation and the amendment thereto were only nominally such, but the company owned and operated large physical properties in Michigan. Under West Virginia statutes "domestic corporations are subdivided into two classes, resident and non-resident. A resident corporation is a domestic corporation whose principal place of business and chief works (if it have chief works) are located within this state, a non-resident corporation is a domestic corporation whose principal place of business or chief works is located without this state." Non-resident domestic corporations of West

Virginia are required to designate a statutory agent, resident of West Virginia, upon whom all process can be served, and an annual license fee, higher than that imposed upon resident domestic corporations, is exacted of them by the laws of that state.

The distinction thus recognized by the statutes of West Virginia is unknown to our laws; but the corporate character of the plaintiff in error, and its status in Ohio as a foreign corporation, duly authorized as such to do business in this state, subject to our statutes regulating foreign corporations which seek to do business here, must be acknowledged. Indeed it was sued in the original action in its corporate capacity, and if, as a nonresident domestic corporation of West Virginia, it had been organized with its principal office and place of business expressly located in Ohio, it would still have been, so far as our laws are concerned, a foreign corporation if corporation at all. *Bank v. Hall*, 35 Ohio St., 158; *Newburg Petroleum Co. v. Weare*, 27 Ohio St., 343; *Hanna v. International Petroleum Co.*, 23 Ohio St., 622.

Whether or not the plaintiff in error is exceeding its corporate powers in maintaining what is in fact its principal office in Ohio, contrary to the provisions of its charter, is a question not presented for our decision upon this record. Deriving whatever corporate powers it has or may justly exercise, from the laws of another state, it can not be deemed domestic to Ohio. Nor need we speculate as to what its status in that behalf may be in West Virginia and Michigan, in view of the anomalous provisions of the West Virginia laws, which it has invoked to become a non-resident domestic corporation of the former state, and in the latter a resident foreign corporation. These expressions are doubtless contradictions in terms, so far, at least, as the laws of Ohio are concerned. A domestic corporation can not, as such, become a non-resident of this state (*State, ex rel, v. Taylor et al*, 25 Ohio St., 278). Neither can a foreign corporation, as such, have a legal residence in this state (*Lander, Treasurer of Cuyahoga County, v. Burke*, 65 Ohio St., 532, 542; *Humphreys v. State*, 70 Ohio St., 68). In the latter case, the benefit of the statutory exemption of public charities from the Ohio collateral inheritance tax, was denied to certain foreign

eleemosynary corporations, which maintained benevolent institutions in this state, because being incorporated under the laws of other states, they were legally non-residents of Ohio, and hence not within the language, "any institution in said state for purposes of purely public' charity, or other exclusively public purposes." Price, J., in the opinion of the court, at page 78 says:

"It is not a new proposition, that the home of the corporation is the state of its incorporation and when so incorporated under the laws of a state selected for that purpose, it has also selected its abiding place, and no longer can be recognized as homeless, or as abiding in every state where they have agencies carrying forward their work of benevolence and charity." He quotes Mr. Justice Fields' language in *Paul* v. *Virginia,* 8 Wallace, 168, 181:

"The corporation being the mere creation of local law, can have no legal existence beyond the limits of the sovereignty where created. As said by this court in *Bank* v. *Earle,* 'It must dwell in the place of its creation, and can not migrate to another sovereignty.'"

Foreign corporations exercise their corporate powers in jurisdictions other than those of their creation, solely by the comity of states, which is presumed to suffer such exercise where it is not denied or qualified by law. The plaintiff in error, thus doing business in Ohio as a foreign corporation, must therefore be deemed to be a non-resident of this state, notwithstanding that its chief office and place of doing business is in fact here.

That the plaintiff in error is a non-resident of this state becomes important in the ascertainment of the situs for taxation of its intangible personal property, to-wit, Michigan stock.

Section 2744, Revised Statutes, provides:

"The president, secretary and principal accounting officer of every company, except banking or other corporations whose taxation is specifically provided for, for whatever purpose they may have been created, whether incorporated by any law of this state. or not, shall list for taxation, verified by the oath of the person so listing, all the personal property, which shall be held to include all such real estate as is necessary to the daily operations of the company, money and credits of such company or corporations within the state at the actual value in money, in manner following."

Section 2731, Revised Statutes, provides:

"All property whether real or personal in this state, and whether belonging to individuals or corporations; and all moneys, credits, investments in bonds, stock, or otherwise, of persons residing in this state, shall be subject to taxation, except only such as may be expressly exempted therefrom; and such property, moneys, credits and investments shall be entered on the list of taxable property as prescribed in this title."

In *Grant* v. *Jones*, 39 Ohio St., 506, which construes this section, it was held that:

"Credits owned by a non-resident of this state are not taxable here unless they are held within this state by a guardian, trustee, or agent of the owner by whom they must be returned for taxation."

In *Bradley* v. *Bauder*, 36 Ohio St., 28, 35, it was held that the situs of shares of stock,

"for the purposes of taxation, when not otherwise provided for by statute, is that of the domicil of the owner. That shares of stock may be separated from the person of the owner, by statute, and given a situs of their own, was held in *Tappan* v. *Merchants' National Bank*, 19 Wall., 490. But when not so separated, that their situs follows and adheres to the domicil of the owner is supported by a great weight of authority."

In *Hubbard, as Treasurer,* v. *Brush,* 61 Ohio St., 252, construing the provision of Section 2746, Revised Statutes, that "no person shall be required to list for taxation any share or shares of the capital stock of any company, the capital stock of which is taxed in the name of such company," it was held that a resident of Ohio is not taxable upon his stock in a foreign corporation, all of whose tangible property is situated and taxable in Ohio, and whose other property, consisting wholly of credits derived from its business transacted here, is under the provisions of Section 2744, Revised Statutes, above quoted, likewise taxable in Ohio. It was observed in that case, by Bradbury, C. J., at pages 262-4:

"that the corporation whose stock defendant in error held, was a foreign corporation, but that all of its property was situated

within this state and its business wholly conducted herein. Whatever situs, in fact, its choses in action possessed, was also herein, for it appears that it maintained no office and did no business whatever in West Virginia, the state by which it was created, but that its office was in this state where its property was situated and its business transacted. And whether these choses in action consisted of promissory notes, book accounts or other evidence of indebtedness, they must be presumed to have been kept in its office in this state. However, notwithstanding all this, doubtless the legal situs of this intangible property for most purposes, was that of the residence of the corporation, which, in law, is within the state by whose authority it was created.

"Does that situs for all purposes adhere to the corporate residence, or many choses in action, having the relation, connection and situation in which these were found, be held to possess such a situs in this state as will clothe the state with jurisdiction over them for taxation? The state attempts by Section 2744, Revised Statutes, to assert and exercise such power of jurisdiction.

"We perceive no reason for denying to the state the power asserted by this section. If men choose to resort to another state or county for authority to organize a corporation for the purpose of engaging in business in this state, or if that was not their original purpose, choose afterwards to plant themselves herein, and in either case transact the corporate business and hold the corporate property wholly within our borders, and enjoy the protection of our laws, it is only just and reasonable that its property should be subject to taxation herein as fully as if its organization had been effected under our own laws, and the right of taxation should not be defeated nor limited upon the ground that for some other purpose the situs of a part of its property should be regarded as being in the state or country where the corporation was organized.

"Where foreign corporations voluntarily bring their property and business into this state to avail themselves of advantages found here which they believe will enhance the probabilities that the business they intend to pursue will be profitable, they should not be heard to complain of laws which tax them as domestic corporations are taxed by the state. We hold, therefore, that the provisions of Section 2744, which make it the duty of foreign corporations to list for taxation in this state, their choses in action where they are held within the state and grow out of the business they conduct therein, is a valid exercise of the taxing powers vested in the state."

346    CIRCUIT COURT REPORTS—NEW SERIES.

Iron Co. v. Madigan.          (Vol. 17 (N.S.)

The second paragraph of the syllabus accordingly declares, concerning the taxability of the "credits of such company or corporation within the state," that:

"Choses in action, whether book accounts, promissory notes, or the like, or foreign corporations that are kept in this state and arise out of the corporate business transacted here, are subject to taxation under the provisions of Section 2744, Revised. Statutes."

Construing Sections 2731, 2744, Revised Statutes, and cognate sections, the Circuit Court of Appeals of this Circuit, in *Western Assurance Co.* v. *Halliday,* 126 Fed., 257, in its opinion by Lurton, C. J., says, at page 262:

"When the several sections are read and construed together, it is obvious that the intent and purpose of the Legislature is to subject to taxation every form of personal property having a situs in this state, including such forms of personal property as money, credits, bonds, and stocks, provided only that these latter are held or owned by a person residing in the state. If they are owned by a person residing in Ohio, they are subjected to taxation without regard to the place of their deposit or lodgment, but if not owned by a person residing in the state, their taxability is made to depend upon their being 'held' in the state by some one residing therein, who holds and controls same for the non-resident owner as agent or otherwise. In the one case Ohio exercises its power to tax by reason of the presence of the property within the state, and in the other by virtue of the domicile of the owner and the saying '*Mobilia sequuntur personam.*' "

In that case muncipal bonds, deposited by the Western Assurance Company, incorporated under the laws of the Dominion of Canada, with the superintendent of insurance of the state of Ohio, pursuant to the provisions of Section 3660, Revised Statutes, and registered in his name, were held to be taxable in Ohio as the personal property or credits of a foreign corporation, held in this state.

In the present case, the stocks sought to be taxed are held by the corporation itself, and not by a trustee or depositary who resides in this state and holds the property for a non-resident. Our statutes make no distinction between the corpora-

tion and its proper officers in this respect.    Under Section 2744, Revised Statutes, the corporation is required to make its returns for taxation by and through the president, secretary, and principal accounting officer, who are thus deemed to act for the corporation.    None of these corporate officers, are required in that capacity, to make return of the taxable corporate property "as agent or attorney, or on account of any other person or persons, company or corporation," under Section 2734, Revised Statutes, but directly for and in the name of the corporation itself, under Section 2744, Revised Statutes.    The stocks in question are held and owned by and in the name of the plaintiff in error, and by no one else.    It holds the legal title and the certificates are issued to its name.    Municipal bonds, especially when registered, in the name, not of the non-resident owner, but of the resident agent, trustee, or depositary, and actually lodged with and held by him in this state; and credits arising here out of business transacted by a non-resident corporation doing business in this state, are, as we have seen, properly deemed to have a situs for taxation here.    But it would be enlarging the meaning and scope of our statutes, beyond anything warranted by their language or by any authoritative construction thereof laid down in the cases cited, or elsewhere, to hold that foreign stocks which are owned and held by a foreign corporation, or other non-resident, doing business in this state, and which are in no way derived from the business transacted here, are nevertheless taxable in Ohio, under our present laws, simply because the certificates evidencing such ownership are physically in the custody of their owner within the confines of the state.    In no proper sense can it be said that the property evidenced by such certificates of stock in foreign corporations, whose property is located wholly without the borders of the state is within the state, unless the owner of such stocks resides here.    And as already observed, the plaintiff in error, being a foreign corporation, is in the present state of our laws conclusively presumed to be a non-resident of this state.

As regards the shares of the Munising Paper Company, which is a company in the nature of a joint stock association, organized and doing business in the state of Michigan, we think they are

not to be discriminated for the purpose of this case from the shares of stock owned by the plaintiff in error in Michigan corporations, strictly so-called. *Express Co.* v. *State*, 55 Ohio St., 79.

The judgment of the court of common pleas, being manifestly contrary to law, is reversed, and final judgment is here rendered for the plaintiff in error.